## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENISE L. LENKIEWICZ<br><br>Plaintiff, *Pro se*<br><br>v.<br><br>SHAUN DONOVAN, Secretary,<br>U.S. Department of Housing and<br>Urban Development<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil No. 1:13-cv-0261 (JDB)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER

Defendant Shaun Donovan, Secretary, U.S. Department of Housing and Urban Development ("HUD"), by and through his undersigned attorneys, respectfully submits the following answer to *pro se* Plaintiff's Complaint.

### FIRST DEFENSE

Plaintiff has failed to state a *prima facie* case; in the alternative, assuming Plaintiff has stated a *prima facie* case, Defendant's conduct concerning Plaintiff was based on legitimate, nondiscriminatory, and non-retaliatory reasons, and Plaintiff has failed to allege facts on which the Court could find pretext.

### SECOND DEFENSE

To the extent Plaintiff suffered an adverse action motivated by an impermissible factor, Defendant would have taken the same action in the absence of the impermissible factor.

**THIRD DEFENSE**

Defendant denies each and every allegation of the Complaint not expressly admitted in its Answer.  Defendant respectfully requests and reserves the right to amend, alter and supplement the defenses contained in the Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

In response to the paragraphs of the complaint, Defendant admits, denies or otherwise avers as follows:

**BACKGROUND**

In response to the unnumbered paragraphs contained in Plaintiff's "Background" section of the complaint, Defendant admits, denies or otherwise avers as follows:

Defendant admits that Plaintiff was employed by the Defendant from October 2008 through November 30, 2011.

Defendant admits that Plaintiff was initially employed by the Federal government in 1989.

Defendant admits that Plaintiff was initially hired by the Defendant as a Freedom of Information Act (FOIA) Specialist and that her duties as such included processing of FOIA requests.

Defendant is unable to admit or deny whether most of Plaintiff's career was spent being the sole FOIA specialist for various Federal agencies.

Defendant is unable to admit or deny Plaintiff's current disabilities.

Defendant is unable to admit or deny whether during her employment with Defendant, Plaintiff suffered from constant bouts of COPD with chronic bronchitis or

that from the first day of her employment, she lost her voice within 2 – 3 hours and sounded that she had the flu.

Defendant is unable to admit or deny that during the first week of Plaintiff's employment with Defendant, she was out of work due to COPD.

Defendant is unable to admit or deny that, by March 2009, Plaintiff was hospitalized with pneumonia for several days.

Defendant admits that, by the end of 2009, Plaintiff had been in and out of work often.  Defendant is unable to admit or deny that, by the end of 2009, Plaintiff had been in and out of work often with a diagnosis of COPD and/or chronic bronchitis.

Defendant is unable to admit or deny that Plaintiff broke her right foot at the end of 2009.

Defendant is unable to admit or deny that, in March 2010, Plaintiff had a meniscus tear in her right knee.

Defendant is unable to admit or deny Plaintiff's statements regarding constant bouts of COPD during 2009 and her questioning whether her exposure to something in Defendant's building caused or contributed to her constant bouts of COPD.

Defendant is unable to admit or deny Plaintiff's statement that, approximately the beginning of 2010 while she was talking with the union, the union relayed to her that Defendant had been tested for toxic mold and that Channel 7 had done a news segment on toxic mold found in Defendant's location.

Defendant is unable to admit or deny that Plaintiff relayed to someone that a scooter that she was using and the reasonable accommodations that she had requested would enable her to get out of being exposed to toxic mold in Defendant's building.

Defendant denies ignoring Plaintiff's request for reasonable accommodation(s).

Defendant is unable to admit or deny that for approximately 90 days while on leave with a meniscus tear in the right knee, Plaintiff had no physical problems with breathing.

Defendant is unable to admit or deny comments by Plaintiff's doctor to her.

Defendant is unable to admit or deny that within two (2) weeks of returning to work, Plaintiff was rushed to the hospital from work, via ambulance, with low oxygen levels and unable to breathe.

Defendant admits that Plaintiff's supervisor placed her on Absence without Leave during 2010.

Defendant denies that Plaintiff continually asked for reasonable accommodations.

Defendant denies that Defendant's management officials told Plaintiff that she should retire under disability, when it appeared to them that Plaintiff was unable to report to work.

Defendant denies unfairly lowering Plaintiff's performance evaluations because she was pursuing reasonable accommodations.

Defendant admits rating Plaintiff minimally successful in 2010 based solely on her work performance.

Defendant admits rating Plaintiff below minimally successful at the end of the 2010 rating period.

Defendant denies that Plaintiff was not able to rebut the claims that her work performance was less than minimally successful at the end of the performance cycle.

Defendant is unable to admit or deny that, on May 25, 2011, Plaintiff left work unable to breathe and gasping for breath.  Defendant admits that on May 25, 2011, Plaintiff told her supervisor that she could no longer work in the building and needed accommodations, and that she would not return to the building.

Defendant admits that Plaintiff was removed from her position on November 30, 2011.

Defendant denies that it never addressed Plaintiff's requests for reasonable accommodation(s).

## DEFENDANT IGNORED REQUESTS FOR REASONABLE ACCOMODATIONS

Regarding the first Unnumbered Paragraph on page 4 of the Complaint, Defendant avers that this paragraph consists of conclusions of law and Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

In response to the numbered paragraphs of the Complaint, Defendant admits, denies or otherwise avers as follows:

1. Defendant admits that Plaintiff submitted a written request for reasonable accommodation in 2010.  Defendant denies the remaining allegations in this paragraph.

2. Defendant admits that on two or more occasions between 2009 and 2011, Plaintiff asked her first level supervisor for a reasonable accommodation for one or more physical conditions and that on each occasion, the supervisor referred Plaintiff to Defendant's Reasonable Accommodations Office. Defendant denies the remaining allegations in this paragraph.

3.  Defendant admits that Plaintiff submitted a written request for reasonable accommodation in 2010.  Defendant denies the remaining allegations in this paragraph.

4.  Defendant admits that Plaintiff submitted a written request for reasonable accommodation in 2010.  Defendant denies the remaining allegations in this paragraph.

5.  Defendant admits that on two or more occasions between 2009 and 2011, Plaintiff asked her first level supervisor for a reasonable accommodation for one or more physical conditions and that on each occasion, the supervisor referred Plaintiff to Defendant's Reasonable Accommodations Office. Defendant denies the remaining allegations in this paragraph.

6.  Defendant admits that on two or more occasions between 2009 and 2011, Plaintiff asked her first level supervisor for a reasonable accommodation for one or more physical conditions and that on each occasion, the supervisor referred Plaintiff to Defendant's Reasonable Accommodations Office. Defendant denies the remaining allegations in this paragraph.

7.  Defendant admits that Plaintiff submitted a written request for reasonable accommodation in 2010.  Defendant denies the remaining allegations in this paragraph.

8.  Defendant admits that on two or more occasions between 2009 and 2011, Plaintiff asked her first level supervisor for a reasonable accommodation for one or more physical conditions and that on each occasion, the supervisor

referred Plaintiff to Defendant's Reasonable Accommodations Office. Defendant denies that Plaintiff retired under disability.

### EXHAUSTION OF ADMIMISTRATIVE REMEDIES

The allegations in this paragraph constitute conclusions of law to which no answer is required.  To the extent this allegation may be deemed an allegation of fact, Defendant denies the allegation.

### PRAYER FOR RELIEF

The allegations contained in the paragraph entitled "Remedies and Relief" constitute Plaintiff's prayer for relief, to which no response is necessary.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to any relief whatsoever; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a.  Any relief may be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).


**WHEREFORE**, having fully answered, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award Defendant its fees, costs, and other expenses, and such other and further relief as the Court deems appropriate.


*      *      *

Dated:  May 24, 2013
      Washington, DC

                           Respectfully Submitted,

                           RONALD C. MACHEN JR., D.C. BAR#447889
                           United States Attorney
                           for the District of Columbia

                           DANIEL F. VAN HORN, D.C. Bar #924092
                           Civil Chief

                           By: */s/ Carl E. Ross* _____ _____ ___
                           CARL EZEKIEL ROSS, D.C. Bar #492441
                           Assistant United States Attorney
                           Civil Division
                           555 4th Street, N.W.
                           Washington, D.C. 20530
                           Tel:  (202) 305-4851
                           Fax:  (202) 514-8780

                           Attorneys for Defendant


Of Counsel:
Maxine S. Wheatley Esq.
Office of General Counsel
U.S. Department of Housing and Urban Development

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2013, a copy of the foregoing Answer was served on *pro se* Plaintiff by first class mail addressed to:

Denise L. Lenkiewicz
5083 Temple Hill Road
Temple Hills, MD 20748

 */s/ Carl E. Ross*
CARL E. ROSS
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 305-4851