## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DENISE L. LENKIEWICZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Case No. 13-0261 (RCL)** |
| ) | |
| **JULIAN CASTRO, Secretary,** ) | |
| **U.S. Department of Housing and** ) | |
| **Urban Development** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____ ) | |

### MEMORANDUM OPINION

Currently before the Court is the plaintiff's Motion [88] for Partial Reconsideration of the Court's Order on Summary Judgment [78]. The plaintiff in this case, Denise L. Lenkiewicz ("Lenkiewicz"), brings a claim against the U.S. Department of Housing and Urban Development ("HUD") for failure to reasonably accommodate her alleged disabilities under § 501 of the Rehabilitation Act of 1973. In July 2015, the Court issued a Memorandum Opinion [79] finding that it lacked jurisdiction over Lenkiewicz's 2009 requests for relocation, to telework, for a parking space, and for a printer in her office because Lenkiewicz had failed to exhaust her administrative remedies. In light of a recent D.C. Circuit opinion, *Doak v. Johnson*, 798 F.3d 1096 (D.C. Cir. Aug. 18, 2015), plaintiff now moves for reconsideration of the Court's ruling that it lacked jurisdiction for Lenkiewicz's specific 2009 requests for accommodation, which would make ripe the parties' previous motions for summary judgment.

Upon consideration of defendant's motion, plaintiff's opposition, defendant's reply, and the entire record herein, the Court will **GRANT** plaintiff's motion for reconsideration. The Court finds that after the D.C. Circuit's ruling in *Doak*, it has jurisdiction over all of plaintiff's 2009 accommodation requests.

That said, the Court additionally finds that Lenkiewicz failed to provide notice of her 2009 telework request at the administrative level. The Court will therefore dismiss that portion of her claim. The remaining portions of defendant's previous motion for summary judgment [57] and plaintiff's previous motion for summary judgment [56] have ripened in light of this Court's newfound jurisdiction. The Court will rule on these motion in the near future.

## I.  BACKGROUND

### A.  Procedural History

Lenkiewicz relies on the recent D.C. Circuit opinion *Doak v. Johnson*, 798 F.3d 1096 (D.C. Cir. Aug. 18, 2015), to move for reconsideration of the Court's July 2015 determination that it does not have jurisdiction over plaintiff's 2009 requests to relocate, to telework, to obtain a printer, and to be granted parking privileges. Lenkiewicz alleges that her former employer, HUD, violated her rights as a disabled employee under § 501 of the Rehabilitation Act. Essentially, she claims that HUD unlawfully denied her requests to reasonably accommodate her persistent respiratory and orthopedic impairments, as well as a broken foot. Pl.'s Mot. for Summ. J. 6, ECF No. 56. She claims that over the course of nearly two years, she made the following five requests for reasonable accommodations: "(i) a printer at her workstation, (ii) a parking space, (iii) relocation to the HUD office located in the portals building, (iv) and on two separate occasions (iv) the ability to work from home (or 'telework')" *Id.* at 7.

After evaluating the parties' cross-motions for summary judgment, the Court found that for all but plaintiff's second request to telework, the Court it lacked jurisdiction over the case because plaintiff had failed to exhaust her administrative remedies. With respect to her 2009 requests to telework and relocate, the Court determined plaintiff "never contacted an Equal Employment Opportunity ("EEO") Counselor or filed an administrative complaint with respect to these events." Mem. Op. 6, ECF No. 79. In evaluating her requests for a parking space and printer, the Court relied in part on *Spinelli v. Goss*, 446 F.3d 159 (D.C. Cir. 2006), to rule that Lenkiewicz's failure to initiate contact with an EEO Counselor within 45 days of the alleged discriminatory occurrences presented a jurisdictional bar resulting in dismissal.

Essentially, the Court found that plaintiff's failure to exhaust her administrative remedies, or failure to do so in a timely manner, stripped the Court of its jurisdiction to hear all but one aspect of plaintiff's claim, the denial of her 2010 request to telework. In evaluating this claim, the Court found there was a genuine dispute of material fact as to who caused the breakdown in the interactive process that lead to the denial of Lenkiewicz's 2010 request to telework. *See* Mem. Op. 15, ECF No. 79. A trial date was set and remains scheduled for December to resolve this issue.

## B.  The D.C. Circuit's Recent Opinion in *Doak v. Johnson*

Very recently, the D.C. Circuit issued *Doak v. Johnson*, 798 F.3d 1096 (D.C. Cir. Aug. 18, 2015), an opinion that specifically clarified the meaning of *Spinelli*—the 2006 D.C. Circuit decision this Court used as primary authority to find it was jurisdictionally barred from considering whether or not the denial of Lenkiewicz's requests for a printer and a parking space violated § 501 of the Rehabilitation Act. In *Spinelli*, a former CIA agent brought a claim against the CIA under the Tort Claims Act and the Rehabilitation Act for psychological injuries and related disabilities. After the district court denied motions to dismiss portions of the complaint, the D.C. Circuit ruled

"the district court also should have dismissed Spinelli's Rehabilitation Act claim for lack of jurisdiction on the ground that he failed to exhaust his administrative remedy." *Spinelli*, 446 F.3d at 162. The Circuit highlighted that the Rehabilitation Act "mandate[s] administrative exhaustion," and as such, because "Spinelli never filed an administrative complaint," the district court lacked jurisdiction to hear the claim. *Id.* Although Spinelli argued that submitting a formal complaint to the CIA would have been futile, the D.C. Circuit ruled that courts may "not read futility of other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Id.*

In applying *Spinelli*, several districts courts in our circuit have found that "exhaustion of administrative remedies is a jurisdictional requirement under the Rehabilitation Act." Mem. Op. 7 (quoting *Saba v. U.S. Dep't of Agric.*, 26 F. Supp. 3d 16, 22 (D.D.C. 2014) (Lamberth, J.)); *see also Briscoe v. Kerry*, No. 13-cv-1204, 2015 WL 4055471, at *4 (D.D.C. July 2, 2015) (Sullivan, J.) ("The Rehabilitation Act makes failure to exhaust administrative remedies . . . a jurisdictional defect, requiring dismissal for lack of subject-matter jurisdiction.") (citation omitted); *id.* ("For Title VII and the ADEA, however, these time limits are subject to equitable tolling, estoppel, and waiver. . . . Such doctrines are not applicable to jurisdictional deadlines such as those imposed by the Rehabilitation Act's exhaustion requirements.") (citations omitted); *Doak v. Johnson*, 19 F. Supp. 3d 259, 268 (D.D.C. 2014) (Contreras, J.) ("'[F]ailure to exhaust administrative remedies is a jurisdictional defect, requiring dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1).'") (quoting *Ellison v. Napolitano*, 901 F. Supp. 2d 118, 124 (D.D.C. 2012) (Howell, J.)); *Moore v. Schafer*, 573 F. Supp. 2d 216, 219 (D.D.C. 2008) (Friedman, J.) ("Failure to exhaust administrative remedies [under the Rehabilitation Act] is a jurisdictional defect."). More specifically, many districts courts, including the lower court in *Doak*, have found that a plaintiff's failure to adhere to the EEOC's regulation to initiate contact with an EEO Counselor within 45

days of the alleged violations represents a failure to exhaust in a timely manner and strips the district court of jurisdiction to hear the claim. *See Doak*, 19 F. Supp. 3d at 270 ("[Plaintiff] did not timely contact an EEO counselor within 45 days of the Department issuing a decision that she viewed as discriminatory. As such, Ms. Doak's failure to accommodate claim . . . must be dismissed for lack of subject matter jurisdiction."); *Ellison*, 901 F. Supp. 2d at 125 (dismissing claims "for failure to exhaust in a timely manner" where the plaintiff "did not initiate contact with an EEO Counselor within 45 days of their alleged occurrences"). When ruling on the parties' cross-motions for summary judgment in the present matter, the Court followed this line of cases and ruled that it lacked jurisdiction to hear Lenkiewicz's 2009 requests for a printer and a parking space because she did not follow the EEOC's 45-day requirement and therefore failed to properly exhaust her claims.

On appeal from the district court's jurisdictional ruling in *Doak*, the D.C. Circuit declared that failure to adhere to the 45-day requirement does not in and of itself present a jurisdictional bar under the Rehabilitation Act. *Doak v. Johnson*, 798 F.3d 1096, 1104 (D.C. Cir. Aug. 18, 2015). As discussed, the district court in *Doak*, like the Court in the present case, had read *Spinelli* to mean "it lacked subject matter jurisdiction over most of [plaintiff's] claims because [plaintiff] failed to comply with the regulatory requirement that an aggrieved person contact an EEO Counselor 'within 45 days of the date of the matter alleged to be discriminatory.'" *Id.* at 1103 (citing 29 C.F.RR. 1614.105(a)(1)). The D.C. Circuit reversed this jurisdictional ruling, clarifying that *Spinelli*'s holding is a narrow one. *Id.* ("*Spinelli* does not reach that far."). As it relates to jurisdiction, the Circuit held that *Spinelli* addressed only a "plaintiff's wholesale failure to file an administrative complaint or to obtain any administrative decision at all." *Id.; see also id.* at 1104 ("That is all *Spinelli* held."). The Circuit went on: "[*Spinelli*] did not attach irremediable

jurisdictional consequence to every procedural misstep that happens during exhaustion of the administrative process. And certainly not for defaults that occur in the informal process created by EEOC regulation." *Id.*

Bearing directly on the facts in this case, the D.C. Circuit ruled that administrative time limits created by the EEOC, like the 45-day consultation limit in question, "function like statutes of limitation and thus are subject to equitable tolling, estoppel, and waiver," *id.* (citations omitted), making clear they do not present an outright jurisdictional bar. Moreover, the Circuit provided guidance on what constitutes a waiver under such circumstances. Essentially, the Court ruled that because the defendant in *Doak* "never raised the 45-day time limit during the administrative proceedings," it had waived its defense of timeliness. *Id.* at 1104. Further contributing to its finding of waiver, the Circuit emphasized that "[the defendant] not only accepted and investigated Doak's complaint, but also decided it on the merits—all without mentioning timeliness." *Id.*

## II. Legal Standard for Reconsideration

Plaintiff now moves for reconsideration of the Court's previous jurisdictional ruling under Federal Rule of Civil Procedure 54(b). The rule provides in part that "any order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of final judgment." The law is clear and well established as to what the basic requirements are that must be satisfied in order to prevail on a motion for reconsideration. They are: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available: or (3) a clear error of law in the first order." *Gilmore v. Palestinian Interim Self-Government Auth.*, 8 F. Supp. 3d 1, 7 (D.D.C. 2014) (quoting *In re Guantanamo Detainee Litig.*, 706 F. Supp. 2d 120, 122-23 (D.D.C. 2010)).

### III. Reconsideration of the Court's Jurisdiction

The Court finds that because Lenkiewicz did not commit a "wholesale failure to file an administrative complaint or to obtain any administrative decision at all," *Doak v. Johnson*, 798 F.3d 1096, 1103 (D.C. Cir. Aug. 18, 2015), the Court has jurisdiction to hear all the requests associated with her Rehabilitation Act claim.

#### A. Factual History

In its recent August 2015 decision, the D.C. Circuit ruled that failure to achieve administrative exhaustion will only bear on jurisdiction when the plaintiff fails to receive "final disposition of an administrative complaint." *Id.* at 13. In other words, *Spinelli* only goes so far as to bar jurisdiction when a plaintiff never filed an administrative complaint or never received a final administrative ruling on her claim. *Id.*

In the present case, Lenkiewicz both filed a complaint relating to HUD's failure to accommodate and received a final administrative decision on the merits. On June 9, 2011, Lenkiewicz filed a complaint with the EEO alleging she had been subjected to a hostile work environment as a result of her employer's repeated acts of discrimination on the basis of her race (Lenkiewicz is Caucasian and her former supervisor is African American) and various disabilities. *See* Pl.'s EEO Compl. 2, 3, June 9, 2011, ECF No. 64-2. More specifically, Lenkiewicz claimed she had suffered disability discrimination by "not having equal access to benefits and privileges of employment that are offered to other employees, and . . . being harassed because of [her] disability." *Id.* at 2. She referenced a "reasonable accommodation" for a printer she requested in 2009 to account for a "broken foot along with other complications." *Id.* Moreover, her administrative complaint alleged she requested and was denied other accommodations, such as an "alternative job site" or the opportunity to work outside the "office setting." *Id.* at 3.

Importantly, however, and at issue in this motion, Lenkiewicz never expressly pled that she was denied the reasonable accommodations she is entitled to under the Rehabilitation Act; rather, she claimed she had been "subjected to a hostile work environment" primarily due to her race and secondarily, due to her status as a disabled employee. *Id.* at 1, 2; Def.'s Opp'n to Pl.'s Mot. for Recons. 2 ("Plaintiff only raised a hostile work environment claim and her now dismissed claims were presented as nothing more than facts supporting her hostile work environment claim."). Additionally, Lenkiewicz claimed she had been "harassed because of [her] disability" and denied certain benefits of employment. *Id.* at 2. Any facts relating to reasonable accommodations were not pled as independent causes of action but instead as proof that she was being discriminated against and subject to a hostile work environment due to, among other things, her disabilities. *See* Notice of Acceptance of Pl.'s Administrative Compl., Def.'s Opp'n to Pl.'s Mot. for Recons., Ex. 1, ECF No. 96-1 (characterizing her administrative claim as being "subjected to ongoing harassment resulting in a hostile work environment from December 2008 to the present").

In ruling on Lenkiewicz's administrative complaint, HUD issued a final order in November 2012 denying her claims. *See* Final Order, Mem. in Opp'n to Pl.'s Mot. for Summ. J., Ex. 3, ECF No. 64-3. The order fully incorporated an EEOC Administrative Law Judge's ("ALJ") summary judgment decision dated August 24, 2012, which ruled for HUD in its entirety. *Id.* at 1 ("The Final Order fully implements EEOC Administrative Judge Kurt Hodges's Summary Judgment Decision."). As described by the ALJ, the main issue before the EEOC administrative court was whether or not Lenkiewicz was subject to a "hostile work environment" on the basis of her race and on management's persistent failure "to accommodate [her] disability." EEOC Decision, Def.'s Opp'n to Pl.'s Mot. for Recons., Ex. 2 at 2, ECF No. 96-1.

Although the decision ruled on Lenkiewicz's formal hostile work environment claim, the ALJ also considered Lenkiewicz's allegation "that [she] was subjected to disability

discrimination/failure to accommodate whether the Agency failed to grant her accommodation request." *Id.* at 5. After listing the four elements of a prima facie case for failure to discriminate under the Rehabilitation Act, *id.*, the ALJ found that HUD's denial of Lenkiewicz's 2010 request to telework did not make the Agency liable "for disability discrimination because Complainant failed to engage in the interactive process and provide reasonable medical documentation as required by the Rehabilitation Act." *Id.* at 8.

After HUD incorporated the ALJ's opinion and formally denied Lenkiewicz's various claims, she filed the instant suit alleging her failure to accommodate claim more directly and with more specificity. She has alleged over the course of these proceedings that for a span of two years, she requested accommodation and was denied (i) a printer at her workstation, (ii) a parking space, (iii) relocation to the HUD office located in the portals building, (iv) and on two separate occasions (iv) the ability to work from home (or 'telework'). *See* Pl.'s Mot. for Partial Recons. of the Order on Summ. J. 6 (citing Pl. Br., ECF No. 56).

In its original summary judgment opinion, this Court found that due to plaintiff's failure to exhaust, it did not have jurisdiction to hear Rehabilitation Act claim with respect to four out of five of her denied accommodation requests. With respect to her request for a printer and parking space, the Court found that it lacked jurisdiction because Lenkiewicz failed to comply with the EEOC's 45-day waiting period by waiting more than two years to exhaust her claims. Mem. Op. 7-8, ECF No. 79. For her relocation and 2009 telework request, the Court came to a similar conclusion, ruling Lenkiewicz "never contacted an EEO Counselor or filed an administrative complaint with respect to these events." *Id.* at 6.

### B. Legal Conclusions

In light of *Doak*, the Court now finds that it has jurisdiction over all four of Lenkiewicz's accommodation requests at issue. Looking to Lenkiewicz's request for a printer and parking space, it is clear that *Doak* compels a different result. In *Doak*, the Circuit reversed the trial court that had determined it lacked jurisdiction to hear the Rehabilitation Act claim because plaintiff had failed to contact an EEO Counselor within 45 days of the alleged discriminatory conduct (he had waited 78 days). *See* 798 F.3d 1096, 1103 (D.C. Cir. Aug. 18, 2015). In this case, the facts and legal issues are nearly identical with respect to Lenkiewicz's requests for a printer and parking. Like the trial court in *Doak*, this Court similarly found it lacked jurisdiction over these specific requests because Lenkiewicz had waited over a year to contact an EEO Counselor to discuss them. *See* Mem. Op. 7-8, ECF No. 79. The Circuit, however, made clear that delay beyond the EEOC's 45-day requirement—regardless of its length—is of no jurisdictional consequence. *Doak*, 798 F.3d at 1104 ("[A]dministrative time limits created by the EEOC erect no jurisdictional bars to bringing suit.") (citations omitted). Therefore, because *Doak*'s facts and holding, let alone its reasoning, squarely apply in this case, the Court has jurisdiction over Lenkiewicz's 2009 requests for a printer and parking space.

Additionally, after *Doak*, the Court also has jurisdiction over Lenkiewicz's allegations that HUD failed to accommodate her disabilities when it rejected or ignored her 2009 requests to relocate and telework. *Doak* states that *Spinelli* only "addressed the consequence of a plaintiff's wholesale failure to file an administrative complaint or to obtain any administrative decision at all." *Doak v. Johnson*, 798 F.3d 1096, 1103 (D.C. Cir. Aug. 18, 2015). Moreover, "issues concerning how a claimant participates in [the] administrative process, both procedurally and substantively, are not of jurisdictional moment." *Id.* at 14. Providing the complainant this leeway

in how she manages and conducts her administrative claim generally ties in with Supreme Court's instruction that "[d]ocuments filed by an employee with the EEOC should be construed to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 406 (2008). Indeed, this more lenient stance has been determined to be sensible given that complainants typically initiate the administrative process without the assistance of trained lawyers. *Id.* at 403 ("The system must be accessible for individuals who have no detailed knowledge of the relevant statutory mechanisms and agency processes.").

In this case, like in *Doak*, the claimant "filed and received a final disposition of her administrative complaint" regarding her requests for failure to accommodate. *Doak*, 798 F.3d, at 1104. In her original complaint, Lenkiewicz stated that HUD had "discriminated against her [for her disability] by not having access to benefits and privileges of employment that are offered." *See* Pl.'s EEO Comp. 2, June 9, 2011, ECF No. 64-2 Moreover, although Lenkiewicz did not specifically invoke the Rehabilitation Act, she did use the act's central vocabulary, describing her "first request for a reasonable accommodation" and noting, among other things, that "[she] was never afforded the opportunity to show the work could be completed in other than the office setting without causing undue hardship to the office." *Id.* at 2, 3. Because plaintiff's claims at the administrative level are to be liberally construed, *see Holowecki*, 552 U.S. at 406 ("Construing ambiguities against the drafter may be the more efficient rule to encourage precise expression in other contexts; here, however, the rule would undermine the remedial scheme Congress adopted."), these allegations satisfy *Doak*'s requirement that the plaintiff file an administrative complaint before seeking relief in federal court. Moreover, the plaintiff satisfied *Doak*'s second requirement, the receipt of a final disposition, when she received HUD's letter denying her claims

on November 5, 2012. *See* Final Order, Mem. in Opp'n to Pl.'s Mot. for Summ. J., Ex. 3, ECF No. 64-3.

In arguing that *Doak* does not apply to this case, defendant contends that Lenkiewicz did not exhaust her administrative remedies because she did not specifically plead her Rehabilitation Act claims, but instead couched them as support for a hostile work environment claim. Def.'s Opp'n to Pl.'s Mot. for Recons. 2-3 ("Plaintiff only raised a hostile work environment claim and her now dismissed claims were presented as nothing more than facts supporting her hostile work environment claim."). More specifically, HUD relies on *Baird v. Gotbaum*, 662 F.3d 1246 (D.C. Cir. 2011), and *Burkes v. Holder*, 953 F. Supp. 2d 167 (D.D.C. 2013) to suggest that because plaintiff's hostile work environment claim "is comprised of a series of separate acts that collectively constitute one unlawful employment practice, . . . [it is] subject to a different limitations rule." Def.'s Opp'n to Pl.'s Mot. for Recons. 3 ("Plaintiff's exhaustion of a hostile work environment claim, for which she alleged a continuing violation, does not serve to exhaust each independent incident cited as evidence of a hostile work environment. . . . An employee must timely exhaust the administrative process for each discrete act for which he seeks to bring a claim.").

Defendant's argument is unpersuasive because in addition to hostile work environment, plaintiff effectively pled her Rehabilitation Act claim, and the agency ruled on it. As stated, *Doak* holds that "issues concerning how a claimant participates in [the] administrative process, both procedurally and substantively, are not of jurisdictional moment." *Doak*, 798 F.3d 1096, 1104. Lenkiewicz submitted a complaint alleging HUD failed to "reasonably accommodate" her disability. *See* Pl.'s EEO Compl. 2, June 9, 2011, ECF No. 64-2. Moreover, in her June 2011 EEOC counseling report, the EEO Counselor checked "reasonable accommodation" as one of the

matters "causing [Lenkiewicz's] complaint" and further listed "the right to work from home or any other reasonable accommodations . . . her doctor allegedly thought was necessary" as discrimination Lenkiewicz purportedly suffered. *See* Plaintiff's EEO Counseling Report 2-3, ECF No. 64-2. Lastly, HUD incorporated an EEO decision that listed the formal elements of a Rehabilitation Act claim, *see* EEOC Decision, Def.'s Opp'n to Pl.'s Mot. for Recons., Ex. 2 at 5, ECF No. 96-1, and further found that HUD was "not liable for disability discrimination because Complainant failed to engage in the interactive process and provide reasonable medical documentation as required by the Rehabilitation Act." *Id.* at 8.

In light of the agency's consideration and disposition of Lenkiewicz's Rehabilitation Act claim, the Court finds that Lenkiewicz's decision to couch her allegations of disability discrimination in terms of a hostile work environment speaks to ways in which she "participate[d] in [the] administrative process" and are therefore "not of jurisdictional moment." *Doak*, 798 F.3d at 1104. Moreover, as discussed, claims a plaintiff makes in her administrative complaint are to be read liberally, *Holowecki*, 552 U.S. at 406, as they were drafted without the benefit of professional legal assistance. Because Lenkiewicz submitted a complaint and HUD issued a final order relating to the agency's alleged failure to accommodate her disabilities, there was "no wholesale failure to file an administrative complaint or to obtain any administrative decision at all." *Id.* In sum, after *Doak*, the Court has jurisdiction over all five of Lenkiewicz's accommodation requests at issue in this litigation.

### IV. Exhaustion of Administrative Remedies: Timeliness, Notice and Waiver

The Court finds that due to the government's waiver, she is not barred from bringing her Rehabilitation Act claim as it relates to HUD's denial of her requests for a printer, parking privileges, and relocation. On the other hand, plaintiff is barred from bringing her alleged 2009

request to telework because Lenkiewicz had not provided notice to HUD at the administrative level. Although the Court has jurisdiction to hear Lenkiewicz's claims, that of course does not necessarily mean that her claims were properly exhausted, one of the Rehabilitation Act's core requirements. 29 U.S.C. § 794(a)(1) (requiring "final disposition" of an "administrative complaint"). The D.C. Circuit in *Doak* simply held that failure to exhaust is not a jurisdictional requirement; instead, exhaustion of administrative remedies should be treated as an affirmative defense in the nature of a statute of limitation and is "thus subject to equitable tolling, estoppel, and waiver." *Doak*, 798 F.3d 1096, 1104.

In order to exhaust administrative remedies under the Rehabilitation Act, a plaintiff must do at least four things. First, as discussed, the plaintiff must file an administrative complaint. Second, in the complaint or the administrative proceedings that follow, the plaintiff must provide "notice of and opportunity to investigate claims." *See Dick v. Holder*, 80 F. Supp. 3d 103, 111 (D.D.C. 2015) (citing *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995)). Third, the plaintiff must make a "good faith effort to cooperate with the agency." *Koch v. White*, 744 F.3d 162, 164-65 (D.C. Cir 1995). And fourth, exhaustion must be timely, meaning that the plaintiff must comply with all applicable deadlines, such as the 45-day counseling period prescribed in 29 C.F.R. § 1614.105(a) and at issue in *Doak*.

In looking to these requirements, it is clear that by failing to contact an EEO Counselor within 45 days, plaintiff did not satisfy the timeliness requirement for any of the four requests at issue in this reconsideration motion. Similar to *Doak*, however, the agency never raised this argument in the administrative proceeding and therefore waived timeliness as an affirmative defense. In *Doak*, the Circuit ruled that although the plaintiff did not timely exhaust his administrative remedies, the defendant, the United States Coast Guard, waived timeliness as a

defense because it "never raised the 45-day time limit during the administrative proceedings." *Doak*, 798 F.3d at 1104. The Court went on: "indeed [the Coast Guard] not only accepted and investigated Doak's complaint, but also decided it on the merits—all without mentioning timeliness." *Id.* (quoting *Bowden v. United States*, 106 F.3d 433, 438 (D.C. Cir. 1997)). In this case, the defendant likewise decided the reasonable accommodation complaint on the merits without referencing the 45-day time limit and therefore waived its potential defense of timeliness.

In addition to timeliness, the plaintiff must provide the agency with notice of her claims, either in the complaint itself or the administrative proceedings that follow. The information contained in the administrative complaint must be sufficient to give the employer notice of the subject matter of the charge, but it need not specifically articulate the precise claim or set forth all evidence the plaintiff later provides in court. *See, e.g., Dick v. Holder*, 80 F. Supp. 3d 103 (D.D.C. 2015) (citing *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995)) ("For exhaustion purposes, the EEO charge encompasses claims that are like or reasonably related to the allegations of the charge and growing out of such allegations."). Essentially, claims stated in the initial charge, reasonably related to the original complaint, or that may be developed through reasonable investigation of the charges in the original complaint may be maintained in a subsequent lawsuit in district court. *See Latson v Holder*, 82 F. Supp. 3d 377, 385 (D.D.C. 2015) (citing *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997) ("While every detail of the eventual complaint need not be presaged in the administrative filing, the substance of the plaintiff's Rehabilitation Act claim must fall with the scope of the administrative investigation that can be reasonably expect to follow the charge of discrimination." (internal quotations omitted)).

The Court finds that in the course of the administrative proceedings, HUD had duly received notice of plaintiff's request for a printer, a parking spot, and relocation, but in contrast,

the agency's reasonable investigation yielded no information on Lenkiewicz's alleged 2009 telework request. With respect to her request for a printer, plaintiff made the allegation directly in the complaint. *See* Plaintiff's EEO Complaint 2, June 9, 2011, ECF No. 64-2 ("I had even approached Ms. Lewis concerning the use of an unused spare printer which was given to a male employee the day after I requested the printer accommodation."). For her parking request, although Lenkiewicz did not reference it in her complaint, HUD learned of it through the course of the EEOC's investigation. Indeed, Lenkiewicz specifically detailed her request for a parking spot in her administrative deposition, *see* Lenkiewicz Administrative Deposition 8, ECF No. 64-1 ("[y]ou'll find that I also had a request for handicapped parking."), and throughout these proceedings HUD has never claimed that it did not receive notice of this charge. *See* Pl.'s Mot. for Partial Recons. of the Order on Summ. J. 6 (citing Def. Reply 8-10, ECF No. 72) ("There is no dispute that her 2009 requests for a printer and parking space were expressly raised during the administrative process."). Lastly, Lenkiewicz referenced her request for relocation in her administrative complaint, *see* Plaintiff's EEO Complaint 2, June 9, 2011, ECF No. 64-2 ("I was more than willing to work at an alternate job site."), and discussed the issue more fully in her deposition, *see* Lenkiewicz Administrative Dep. 11, ECF No. 64-1 ("Q: Did you tell her that you wanted a new position or you wanted a new location? A: Both."), and provided adequate notice in her EEO counseling report. *See* EEO Counseling Report 2 (listing "transferred to another office" as her desired remedial action). The Court finds that HUD knew or should have known of Lenkiewicz's relocation request; therefore, for this aspect of her claim, plaintiff has satisfied the notice requirement associated with administrative exhaustion.

Unlike the first three requests, however, Lenkiewicz failed to provide HUD with notice of her 2009 request to telework. First, as opposed to printing and relocation, Lenkiewicz never

referenced her 2009 telework request in her administrative complaint. Second, and importantly, a reasonable investigation would not have yielded information on HUD's alleged failure to accommodate Lenkiewicz's 2009 request to telework. Indeed, in a 56-page deposition, Lenkiewicz never directly references the request. In her briefing, Lenkiewicz highlights various points in the deposition that she claims should have provided notice of her 2009 telework request. *See* Pl.'s Mot. for Partial Recons. of Order on Summ. J. 12 (citing Lenkiewicz Administrative Deposition 11, ECF No. 64-1) ("When I put in for a broken foot, reasonable accommodations, you know, telework."). However, read in context, any reference to a telework request more naturally refers to her 2010 telework request, not the her 2009 request. *See, e.g.*, Lenkiewicz Administrative Deposition 38, ECF No. 64-1 ("According to the record, Dr. Allen on February 18, 2011, recommended declining your request for telework."). Indeed, defendants did perform a reasonable investigation, which ultimately incorporated a detailed ten-page EEO final decision, and found nothing to indicate that Lenkiewicz had made multiple, independent requests to telework.[1]

In arguing for a contrary conclusion, plaintiff contends that HUD's failure to accommodate Lenkiewicz's 2009 telework request is "reasonably related" to her other accommodation requests, thus satisfying administrative exhaustion's notice requirement. *See* Pl.'s Mot. for Partial Recons. of the Order on Summ. J. 11. Moreover, plaintiff argues that because she need not plead her claims in her administrative complaint with exact specificity, the notice requirement for her 2009 telework request should "be excused." *Id.* at 13. Neither of these arguments is persuasive. Indeed, the cases that Lenkiewicz cites to support her "reasonably related" theory call for flexibility in interpreting the formal legal claims that the plaintiff has asserted. *See Perry v. Clinton*, 674 F. Supp. 2d 110,

---

[1] Although in her briefing, plaintiff asserts that in late 2009, she requested reasonable accommodations to telework by filling out a form 1000, Pl.'s Statement of Undisputed Material Facts in Supp. of Her Mot. for Summ. J. ¶¶ 54-55, ECF No. 56, that fact was not presented during the administrative proceedings, nor was it discovered after reasonable investigation.

117-18 (D.D.C. 2009) (concluding that "a wage discrimination claim" under Title VII was "reasonably related to a failure to promote claim"). And in this case the Court has done just that by leniently construing Lenkiewicz's hostile work environment claim to include claims of failure to accommodate, which Lenkiewicz neglected to formally plead. *See* Notice of Acceptance of Pl.'s Administrative Compl., Def.'s Opp'n to Pl.'s Mot. for Recons., Ex. 1, ECF No. 96-1. Lenkiewicz is not asking the Court to validate a legal theory reasonably related to the one she pled in her administrative proceedings; rather, she would like the Court to credit facts that were simply not discovered during the agency's reasonable investigation. As such, for the purposes of administrative exhaustion, HUD was not on notice of Lenkiewicz's alleged 2009 telework request.

Because HUD was never put on notice of Lenkiewicz's 2009 request to telecommute, Lenkiewicz did not exhaust her administrative remedies. But importantly, unlike the timeliness defenses, which HUD waived by not addressing in the administrative proceeding, the agency could not have waived the notice requirement during those proceedings because at the time, it was not even aware that Lenkiewicz brought, or intended to bring, this allegation against it. Moreover, plaintiff's contention that HUD waived this argument because it never specifically addressed the notice requirement in its answer is also unavailing. Pl.'s Reply 3 ("[T]he agency never pleaded in its answer whether non-jurisdictional requirements of exhaustion like notice and timeliness were satisfied. . . . Lenkiewicz's dismissed claims can be reinstated for these reasons alone."). Although plaintiffs never raised failure to exhaust formally as an affirmative defense in its answer, somewhat glaringly, plaintiff never even provided information on Lenkiewicz's 2009 telework request in her complaint. *See* Def.'s Opp'n to Pl.'s Mot. for Summ. J. 4; Am. Compl. ¶¶ 14-18 (listing requests relating to parking privileges, a printer, and her 2010 request to telework, omitting any 2009 request to telework). Moreover, defendant has argued several times over the course of this

litigation that the Court lacked jurisdiction to hear Lenkiewicz's 2009 telework request because she failed to exhaust her administrative remedies. Def.'s Mem. in Supp. of Its Mot. for Summ. J. 23 ("[T]his Court lacks jurisdiction over a number of Plaintiff's Rehab Act claims because Plaintiff failed to exhaust those claims."); Def.'s Reply in Supp. of Its Mot. for Summ. J. 1 ("[Plaintiff] is unable to establish her claims as a matter of law because she failed to properly exhaust a number of her failure to accommodate claims leaving this court without jurisdiction."); Def.'s Opp'n to Pl.'s Mot. for Summ. J. 3 ("Plaintiff failed to properly exhaust her claim with respect to . . . a 2009 request to telework."). With respect to Lenkiewicz's 2009 request to telework, it would therefore be inappropriate for the Court to consider defendant's failure to plead exhaustion as an affirmative defense in its answer as some sort of waiver. As such, the plaintiff is barred from bringing this aspect of her claim.

It is worth noting that the Court recognizes the tension between the principles that administrative complaints must be broadly interpreted and agencies must affirmatively and specifically raise procedural defects for particular aspects of a claim. The fact is that because plaintiffs need not plead their claims with any genuine specificity, agencies may be left guessing what relief the employee seeks. Facing general allegations, agencies may then inadvertently waive certain affirmative defenses, which must be specifically raised against plaintiff's particular, though perhaps undefined, claims. The present case provides an illustrative example. Lenkiewicz's request for a parking spot was not presented in her administrative complaint, which, as discussed, related more directly to claims of reverse racial discrimination and a hostile work environment. Her request for a parking spot, however, "was like or reasonably related to the allegations of the charge and growing out" of her central allegations and was even referenced during her administrative deposition. *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995). She therefore

provided HUD with notice for exhaustion purposes. As such, even though this aspect of her claim was not formally raised during the administrative proceeding, the Court of Appeals in *Doak* has ruled that the agency waived its exhaustion defenses, including timeliness, when it did not raise those defenses during the administrative proceeding. To say the least, this principle produces perverse incentives; the fuzzier a plaintiff drafts her administrative complaint, the less likely a defendant is to identity every potentially related claim and raise the appropriate affirmative defense when it has the opportunity to do so. Moving forward, just as defendants would be wise to raise every possible defense at the administrative level, plaintiffs may be motivated to draft their administrative complaints as broadly and imprecisely as possible. Although the Court feels this is not a desirable outcome, the Court believes it is constrained by *Doak* to reach this result.

### V. Reconsideration of Summary Judgment Motions for the Remaining Claims

The aspects of plaintiff's claim that remain are her 2009 requests for relocation, a printer, and parking spot. The Court is currently reviewing the parties' cross-motions for summary judgment with respect to these issues.

The parties' schedules permitting, the Court would like to schedule a status conference for the week of November 23, 2015.

## VI. CONCLUSION

For the reasons stated herein and as consistent with this opinion, the Court will **GRANT** plaintiff's motion [88] for partial reconsideration of the Court's Order [78].

A separate order consistent with this Opinion shall issue on this day of November 20 2015.

Royce C. Lamberth
United States District Judge