# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENISE L. LENKIEWICZ, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>JULIAN CASTRO, Secretary, <br>U.S. Department of Housing and <br>Urban Development <br><br>　　　　　Defendant. | ) <br> ) <br> ) <br> ) Civil No. 1:13-cv-0261 (RCL) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER

Defendant Julian Castro, Secretary, U.S. Department of Housing and Urban Development ("HUD"), by and through his undersigned attorneys, respectfully submits the following Answer to Plaintiff's Amended Complaint.

## FIRST DEFENSE

Plaintiff is unable to establish a *prima facie* case under the Rehabilitation Act.

## SECOND DEFENSE

To the extent Plaintiff has established a *prima facie* case under the Rehabilitation Act, Defendant was unable to grant Plaintiff's request for an accommodation because Plaintiff's request would have imposed an Undue Hardship upon Defendant.

## THIRD DEFENSE

Plaintiff is unable to establish that she was a qualified individual under the Rehabilitation Act.

## FOURTH DEFENSE

Defendant denies each and every allegation of the Complaint not expressly admitted in its Answer.  Defendant respectfully requests and reserves the right to amend, alter and supplement the defenses contained in the Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

In response to the paragraphs of the complaint, Defendant admits, denies or otherwise avers as follows:

In response to the numbered paragraphs of the Complaint, Defendant admits, denies or otherwise avers as follows:

## INTRODUCTION

1.  Defendant admits that Plaintiff was employed by the Defendant from October 2008 through November 30, 2011.  Defendant admits that Plaintiff was initially employed by the Federal government in 1989.  Defendant admits that Plaintiff told her immediate supervisor, Vicky Lewis, that the floor she worked on tested positive for toxic mold.  Defendant, however, denies that the floor Plaintiff worked on tested positive for toxic mold.  Defendant is without sufficient knowledge to admit or deny whether Plaintiff was able to walk or stand because of an alleged fractured foot and torn meniscus or whether doctors recommended that Plaintiff obtain parking privileges near HUD's headquarters where she worked.  Defendant is without sufficient knowledge to admit or deny whether Plaintiff was suffering from chronic respiratory illnesses that became life threatening.  Defendant denies the remaining allegations in this paragraph.

## THE PARTIES, JURISDICTION, AND VENUE

2. Defendant is without sufficient knowledge to admit or deny whether Plaintiff currently resides in the State of Maryland.

3. Defendant admits the allegations contained in paragraph 3.

4. The allegations contained in this paragraph constitute conclusions of law to which no answer is required. To the extent these allegations may be deemed allegations of fact, Defendant denies the allegations.

5. The allegations contained in this paragraph constitute conclusions of law to which no answer is required. To the extent these allegations may be deemed allegations of fact, Defendant denies the allegations.

## FACTUAL BACKGROUND

### Ms. Lenkiewicz worked at HUD headquarters as a FOIA specialist.

6. Defendant admits the allegations contained in paragraph 6.

7. Defendant denies that Plaintiff was responsible for researching and analyzing the contents of HUD records to determine whether they must be disclosed under the Privacy Act of 1974. Defendant admits the remaining allegations in this paragraph.

8. Defendant is without sufficient knowledge to admit or deny the allegation in this paragraph.

9. Defendant is without sufficient knowledge to admit or deny whether Plaintiff received paralegal training earlier in her career from the Department of Justice. Defendant admits the remaining allegations in this paragraph.

### After suffering severe injuries to her knee and foot, Ms. Lenkiewicz sought reasonable accommodations from HUD, which were denied.

10. Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph.

11. Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph.

12. Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph.

13. Defendant admits that on several occasions it received notes from Plaintiff's doctors excusing her absences from work, recommending that she work from home for part of each week and recommending certain accommodations while working at HUD headquarters. Defendant is without sufficient knowledge to admit or deny the remaining allegations in this paragraph.

14. Defendant admits that Plaintiff's immediate supervisor, Vicky Lewis, received notes from some doctors regarding Plaintiff. Defendant denies that any of these notes indicated that Plaintiff should qualify for parking privileges near HUD's headquarters so that her injuries could heal properly. Defendant is without sufficient knowledge to admit or deny the remaining allegations in this paragraph.

15. Defendant is without sufficient knowledge to admit or deny what advice Plaintiff received from her doctors. Defendant denies the remaining allegations in this paragraph.

16. Defendant denies that Plaintiff was forced to take unpaid leave. Defendant is without sufficient knowledge to admit or deny the remaining allegations in this paragraph.

17. Defendant admits that Plaintiff requested that a spare, unused printer be moved to her office so she would not have to walk to retrieve printed documents. Defendant admits that Plaintiff's supervisor, Vicky Lewis, informed Plaintiff that her request for a printer had been denied. Defendant denies the remaining allegation in this paragraph.

18. Defendant denies the allegations contained in this paragraph.

19. Defendant denies the allegations contained in this paragraph.

**Ms. Lenkiewicz also suffered from chronic respitatory illnesses that HUD refused to accommodate**

20. Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph.

21. Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph.

22. Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph.

23. Defendant admits that, on several occasions, Plaintiff informed her immediate supervisor, Vicky Lewis, that she could not come to work for a variety of medical reasons including, but not limited to, a various illnesses and injuries, which included insect bites. Defendant admits that Ms. Lewis received a doctor's note regarding Plaintiff's lower extremity impairment; however, according to the note, it would not be necessary for Plaintiff to work intermittently or on less than a full schedule as a result of this condition. Defendant is without sufficient knowledge to admit or deny the remaining allegations in this paragraph.

24. The allegations contained in this paragraph constitute conclusions of law to which no answer is required. To the extent these allegations may be deemed allegations of fact, Defendant denies the allegations.

25. Defendant denies the allegations contained in this paragraph.

26. Defendant admits that On December 22, 2010, Plaintiff filed a formal request for a reasonable accommodation to allow her to telework several days per week. Defendant admits that Vicky Lewis denied this request. Defendant denies the remaining allegation in this paragraph.

27. Defendant denies the allegations contained in this paragraph.

28. Defendant admits that Plaintiff discussed with Ms. Lewis acquiring a printer as a reasonable accommodation. Defendant denies the remaining allegations in this paragraph.

29. Defendant admits receiving a notice from Dr. Michael V. Williams recommending that Plaintiff begin working from home immediately for approximately one month, after which she would be re-evaluated. Defendant is without sufficient knowledge to admit or deny the date of the note. Defendant denies the remaining allegation in this paragraph.

30. Defendant admits the allegations contained in this paragraph.

31. Defendant admits that the Agency had air quality testing conducted in Plaintiff's office and that testing did not reveal the presence of mold. Defendant is without sufficient knowledge to admit or deny the alleged actions of the American Federation of Government Employees (AFGE). Defendant denies the remaining allegations in this paragraph.

32. Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph.

33. Defendant denies the allegations contained in this paragraph.

34. Defendant is without sufficient knowledge to admit or deny whether Plaintiff found herself unable to breathe on May 25, 2011.  Defendant denies the remaining allegations in this paragraph.

35. Defendant admits that on or about June 22, 2011, Yolanda Patterson recommended that Plaintiff's request for telework be denied because there was insufficient justification to support the request.  Defendant admits that the telework request was denied.  Defendant denies the remaining allegation in this paragraph.

36. Defendant denies the allegations contained in this paragraph.

37. Defendant is without sufficient knowledge to admit or deny reports or stories by AFGE or WJLA.  Defendant denies the remaining allegations in this paragraph.

38. Defendant denies the allegations contained in this paragraph.

39. Defendant admits the allegations contained in this paragraph.

**Ms. Lenkiewicz exhausted her administrative remedies before filing this lawsuit.**

40. The allegations contained in the first sentence of this paragraph constitute conclusions of law to which no answer is required.  To the extent these allegations may be deemed allegations of fact, Defendant denies the allegations.  Defendant admits the allegations contained in the second sentence of this paragraph.

41. Defendant admits the allegations contained in this paragraph.

42. Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph.

43. Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph.

## CLAIMS FOR RELIEF

### Count I – Violation of the Rehabilitation Act

44. Defendant re-incorporates its responses to the previous paragraphs.

45. The allegations contained in this paragraph consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

46. Defendant admits the allegations contained in this paragraph.

47. The allegations contained in the first sentence of this paragraph constitute conclusions of law to which no answer is required. To the extent these allegations may be deemed allegations of fact, Defendant denies the allegations. Defendant denies the remaining allegations contained in this paragraph.

48. Defendant admits that, based on her resume, Plaintiff was qualified to be a FOIA Specialist for HUD. Defendant denies the remaining allegations in this paragraph.

49. Defendant denies the allegations contained in this paragraph.

50. The allegations contained in this paragraph consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

51. Defendant avers that it did not receive sufficient information establishing Plaintiff as a qualified individual with a disability. Defendant, accordingly, admits that it

did not identify an undue hardship that would result from accommodating Plaintiff. Defendant denies the remaining allegations in this paragraph.

52.     The allegations contained in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies.

53.     The allegations contained in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies.

## **PRAYER FOR RELIEF**

The allegations contained in the final unnumbered paragraph constitute Plaintiff's prayer for relief, to which no response is necessary.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to any relief whatsoever; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a.  Any relief may be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).

**WHEREFORE**, having fully answered, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award Defendant its fees, costs, and other expenses, and such other and further relief as the Court deems appropriate.

*     *     *

Dated: September 21, 2015
      Washington, DC

                              Respectfully Submitted,

                              VINCENT H. COHEN, JR. D.C. Bar #471489
                              Acting United States Attorney
                              for the District of Columbia

                              DANIEL F. VAN HORN, D.C. Bar #924092
                              Civil Chief

                              By: */s/ Carl E. Ross*
                              CARL EZEKIEL ROSS, D.C. Bar #492441
                              Assistant United States Attorney
                              Civil Division
                              555 4th Street, N.W.
                              Washington, D.C. 20530
                              Tel: (202) 252-2533
                              Fax: (202) 252-2505

                              Attorneys for Defendant


Of Counsel:
Darin B. Tuggle Esq.
Office of General Counsel
U.S. Department of Housing and Urban Development