## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DENISE L. LENKIEWICZ**, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-0261 (RCL) |
| | ) | |
| **JULIÁN CASTRO**, | ) | |
| Secretary, U.S. Department of | ) | |
| Housing & Urban Development, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## JOINT PRETRIAL STATEMENT

# TABLE OF CONTENTS

Table of Contents ............................................................................................................. i

Schedule of Appendices ................................................................................................. ii

I.       **Statement of the Case** ........................................................................................ 1

      A.     Parties ................................................................................................ 1

      B.     Cause of Action, Jurisdiction, and Venue ....................................... 1

      C.     Jury Demand ..................................................................................... 2

II.     **Statement of Claims and Defenses** .................................................................. 2

III.    **Schedule of Witnesses** ..................................................................................... 3

      A.     Witnesses for Lenkiewicz ................................................................. 3

      B.     Witnesses for HUD ........................................................................... 8

IV.    **Relief Sought** ................................................................................................. 11

V.     **Other Matters** ............................................................................................... 11

      A.     Proposed Amendments ................................................................... 11

      B.     Motions to Be Decided .................................................................. 11

      C.     Proposed Fact Stipulations, Voir Dire, Instructions, Verdict Form, Exhibits, and Designations .............................................................. 12

## SCHEDULE OF APPENDICES

<u>Appendix</u>

Agreed and Proposed Fact Stipulations ..........................................................................................A

Agreed and Proposed Voir Dire...................................................................................................B

Agreed Jury Instructions ..............................................................................................................C

Plaintiff's Proposed Jury Instructions ..........................................................................................D

Defendant's Proposed Jury Instructions ......................................................................................E

Exhibit List................................................................................................................................. F

Plaintiff's Deposition Designations .............................................................................................G

Defendant's Deposition Designations..........................................................................................H

Plaintiff's Proposed Verdict Form .............................................................................................. I

Defendant's Proposed Verdict Form ...........................................................................................J

Plaintiff Denise L. Lenkiewicz ("Lenkiewicz") and Defendant Julián Castro, Secretary, U.S. Department of Housing and Urban Development ("HUD" or the "agency"), jointly submit this pretrial statement pursuant to Local Civil Rule 16.5 and the Court's September 21, 2015 and November 24, 2015 orders (*see* ECF No. 86 and Nov. 24, 2015 Minute Entry).  This case is set for a trial by jury to begin on Monday, December 14, 2015 at 10:00 a.m.

## I.      Statement of the Case

### A.      Parties

There are two parties to this case.  The plaintiff is Denise Lenkiewicz, who was employed as a FOIA Specialist at HUD from October 2008 to November 2011.  The defendant is the Secretary of HUD.  HUD is an "Executive agency" within the meaning of the Rehabilitation Act and its implementing regulations.  The Secretary is properly named as the defendant in accordance with 42 U.S.C. § 2000e-16(c).

### B.      Cause of Action, Jurisdiction, and Venue

In her operative complaint, Lenkiewicz asserts one cause of action, namely that HUD violated Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, by failing to reasonably accommodate her disabilities.  (*See* ECF No. 18, Amend. Compl. ¶¶ 44–53.)  This Court has subject matter jurisdiction over Lenkiewicz's claims because they arise under the Rehabilitation Act and therefore fall within 28 U.S.C. § 1331.  (*See also* ECF No. 109, Mem. Op. at 13 ("In sum, after *Doak*, the Court has jurisdiction over all five of Lenkiewicz's accommodation requests at issue in this litigation.").)[1]  This Court also has personal jurisdiction because HUD is located in this district and has defended itself without disputing personal jurisdiction.  Venue is

---

[1] Defendant has moved for reconsideration of cited decision.

proper in this Court because a substantial part of the events or omissions giving rise to Lenkiewicz's claims occurred in this district under 28 U.S.C. § 1391.

  C. <u>Jury Demand</u>

  Because Lenkiewicz seeks compensatory damages, either party may demand a trial by jury pursuant to 42 U.S.C. § 1981a(c)(1).  Lenkiewicz conspicuously demanded a jury trial in her pleadings.  (*See* ECF No. 18, Amend. Compl. at 1.)  She continues to demand a jury trial in this matter and does not waive her right to a trial by jury.

## II. Statement of Claims and Defenses

  Lenkiewicz claims that HUD violated the Rehabilitation Act by failing to provide reasonable accommodations for her disabilities.  She alleges that she was disabled because she suffered from a broken foot, a torn tendon in her knee, a respiratory disease, and lower-body arthritis.  She alleges that she asked HUD to provide her with reasonable accommodations that included a printer near her workstation, a parking space near her office, relocation to a different office, and telework.  She alleges that could have performed the essential functions of her position if HUD had granted these requests.  And she alleges that HUD ignored or denied these requests in bad faith.

  HUD denies the allegation that it violated the Rehabilitation Act and alleges that it provided Plaintiff a reasonable alternative accommodation with respect to her request for a printer, and that Plaintiff's request to telework was effectively denied by Plaintiff's decision not to provide adequate medical documentation or to continue to engage in the interactive process.  The Department of Housing and Urban Development also alleges that granting Ms. Lenkiewicz's request for telework would have imposed an undue hardship on its operations.

  The Court's orders on the parties' cross-motions for summary judgment have set the scope of the trial.  The Court held that, based on the undisputed facts and as a matter of law,

HUD's denial of Lenkiewicz's requests for parking and relocation violated the Rehabilitation Act.  (*See* ECF No. 114, Mem. Op. at 16.)  The Court dismissed Lenkiewicz's claim that the denial of her 2009 telework request was unlawful.  (*See id.*; ECF No. 109, Mem. Op. at 18–19.) And the Court concluded that there were triable issues of fact regarding Lenkiewicz's claims that her request for a printer and her December 2010 request were unlawfully denied, including whether allowing Lenkiewicz to telework would have imposed undue hardship.  (*See* ECF No. 114, Mem. Op. at 16; ECF No. 79, Mem. Op. at 13–15.)

Thus, the issues at trial will be (i) whether HUD violated the Rehabilitation Act with respect to Lenkiewicz's request for a printer and her December 2010 request, and (ii) the appropriate award of damages for HUD's violations of the Rehabilitation Act, including the two violations that have already been found as a matter of law.

**III.**   **Schedule of Witnesses**

The parties estimate that the trial will conclude on Thursday, December 17 or Friday, December 18.  This estimate accounts for time the parties expect will be spent for jury selection, opening statements, each side's case-in-chief, argument on any motions for judgment as a matter of law, closing arguments, and jury instructions.  The witnesses for each side, along with the expected length of each witness' direct testimony and a brief description of that testimony, are listed below.

A.   <u>Witnesses for Lenkiewicz</u>

**Denise Lenkiewicz** (6 hours)
5083 Temple Hill Road
Temple Hills, MD 20748

Ms. Lenkiewicz is the plaintiff and was employed as a FOIA Specialist at HUD between October 2008 and November 2011.  She is expected to testify that she has suffered from respiratory and orthopedic impairments from the time she began employment at HUD to the

present; these impairments substantially limited her ability to breathe, walk, perform manual

tasks, and other major life activities and bodily functions; she repeatedly asked HUD for

reasonable accommodations, including a printer, parking space, relocation, and telework; she

submitted medical documentation in support of her parking and telework requests; HUD ignored

her request for relocation; HUD belatedly denied her request for a printer and proposed an

unworkable alternative; HUD denied her request for a parking space without proposing an

alternative; HUD denied her request for telework after the agency withheld critical information

from her about how the request was being handled, failed to infer or request the supposedly

missing information, offered no temporary accommodations, proposed no alternative

accommodations, denied her request without telling her; she stopped coming to HUD

headquarters in May 2011 because she believed HUD was acting in bad faith and feared for her

health and safety; HUD's failures to accommodate her disabilities have inflicted significant

physical, psychological, and financial damage.

> **Yolanda Patterson** (30 minutes)
> 9137 Darcy Road
> Upper Marlboro, MD 20774

Ms. Patterson was an employee in HUD's Reasonable Accommodations Branch ("RA

Branch"). She is expected to testify that HUD has a set of written procedures for handling

reasonable accommodation requests; HUD did not follow several of those procedures with

respect to Lenkiewicz's requests; she believed Lenkiewicz was disabled based on medical

documentation; Vicky Lewis did not convey important information to the RA Branch; and in

2011 alone HUD had granted dozens of employees' requests to telework without medical review.

> **Darin Tuggle** (15 minutes)
> 451 7th Street, SW
> Washington, DC 20410

Mr. Tuggle is an attorney in HUD's Personnel Law Division and signed HUD's interrogatory responses under oath.  He is expected to authenticate certain documents that HUD produced in discovery.

**Dolores Cole** (10 minutes)
451 7th Street, SW
Washington, DC 20410

Dr. Cole is the former Director of the Office of the Executive Secretariat at HUD and Lenkiewicz's former second-level supervisor.  By designated deposition testimony, Dr. Cole is expected to testify that she did not believe she had any responsibility for handling reasonable accommodation requests; she was granted a parking space promptly as a reasonable accommodation; the 10th floor of HUD headquarters was inspected for mold; and a report indicated that mold was present.

**DEFENDANT Objects:  Dr. Cole is available to testify as a live witness and therefore any testimony should be presented live before the jury.**

**Plaintiff's Response**: Dr. Cole's testimony may be presented during Lenkiewicz's case-in-chief because she is a "managing agent" of HUD under Federal Rule of Civil Procedure 32(a)(3), which therefore allows her deposition to be "use[d] for any purpose" regardless whether HUD intends to call her during its own case.

**Vicky Lewis** (15 minutes)
451 7th Street, SW
Washington, DC 20410

Dr. Cole is the former Deputy Director of the Office of the Executive Secretariat at HUD and Lenkiewicz's former first-level supervisor.  By designated deposition testimony, Ms. Lewis is expected to testify that she did not believe she had any responsibility for handling reasonable accommodation requests; that she did not know that HUD's written procedures stated otherwise;

that it did not occur to her that Lenkiewicz may have been disabled; Ms. Lewis did not inform

Ms. Patterson that Ms. Lenkiewicz was out of the office beginning in May 2011; and no

alternative accommodations were offered because Ms. Lewis did not believe they were required.

**DEFENDANT Objects:  Ms. Lewis is available to testify as a live witness and**

**therefore any testimony should be presented live before the jury.**

**Plaintiff's Response**: Ms. Lewis' testimony may be presented during Lenkiewicz's case-

in-chief because she is a "managing agent" of HUD under Federal Rule of Civil Procedure

32(a)(3), which therefore allows her deposition to be "use[d] for any purpose" regardless

whether HUD intends to call her during its own case.

**Sameer Shammas, M.D.** (15 minutes)
10905 Fort Washington Road, Suite 305
Ft. Washington, MD 20744

Dr. Shammas is a practicing physician specializing in orthopedic medicine and treated

Lenkiewicz for over a decade.  By designated deposition testimony, he is expected to testify that

Lenkiewicz had suffered from joint pains for years; he proposed telework as a way of reducing

the aches and pains associated with Lenkiewicz's commute; and he recommended

accommodations to Vicky Lewis in October 2009 for Lenkiewicz's broken foot.

**DEFENDANT Objects:  Dr. Shammas is expected to testify as a live witness and**

**therefore any testimony should be presented live before the jury.  In the event Dr.**

**Shammas is unavailable, Defendant does not object to the proposed designations.**

**Plaintiff's Response**: HUD also has designated testimony from Dr. Shammas.

**\*Alan Schwartz, M.D.** (30 hour)
5501 Hopkins Bayview Circle

Baltimore, MD 21224

Dr. Schwartz is a practicing physician specializing in pulmonary medicine and has been retained by Lenkiewicz as an expert witness.  Dr. Schwartz is expected to testify that, in his expert opinion, Lenkiewicz's COPD with chronic bronchitis substantially limited her ability to breathe, concentrate, and think; physical exertion and exposure to mold worsens these impairments; accommodations that would have reduced her physical exertion would have improved her ability to breathe, concentrate, and think.

**\*Eric Dawson, M.D.** (30 minutes)
6196 Oxon Hill Road, Suite 310
Oxon Hill, MD 20745

Dr. Dawson is a practicing physician specializing in orthopedic medicine and has been retained by Lenkiewicz as an expert witness.  Dr. Dawson is expected to testify that, in his expert opinion, Lenkiewicz's lower-body arthritis substantially limited her ability to walk, perform manual tasks, concentrate, and think; physical exertion worsens these impairments; and accommodations that would have reduced her physical exertion would have improved her ability to walk, perform manual tasks, concentrate, and think.

**\*Fredric Schroeder, Ph.D.** (1 hour)
9522 Lagersfield Circle
Vienna, VA 22181

Dr. Schwartz is a vocational rehabilitation specialist and has been retained by Lenkiewicz as an expert witness.  Dr. Schwartz is expected to testify that, in his expert opinion, reasonable accommodations such as telework would have allowed Lenkiewicz to perform the essential functions of the FOIA Specialist position; and HUD failed to follow best practices with respect to handling requests for reasonable accommodations.

**AINS, Inc.** (rebuttal; 30 minutes)
9522 Lagersfield Circle
Vienna, VA 22181

AINS, Inc. is the company that licensed the FOIAXpress software used by FOIA

Specialists at HUD.  A representative of AINS is expected to testify, on rebuttal by videotaped

deposition *de bene esse*, that it would have been feasible to enable remote access to FOIAXpress

during Lenkiewicz's employment at the agency.

B.    Witnesses for HUD

Defendant may call the following witnesses in his case-in-chief:

1.    Plaintiff – Denise Lenkiewicz (2 hours)

Plaintiff is expected to testify regarding her December 2010 inquiries regarding disability

retirement, Plaintiff's disability retirement application, Plaintiff's absences from work, Plaintiff's

decision to cease coming to work, Plaintiff's decision not to respond to e-mails requesting

additional information associated with her request to telework, Plaintiff's decision not to use the

accommodation provided to her with respect to her request for a printer, and Plaintiff's decision

not to file a formal accommodations request in connection with her request for a printer.

2.    Dr. Delores Cole (2 hours)
       Department of Housing and Urban Development
       451 7th Street, SW
       Washington DC 20410

Dr. Cole is expected to testify regarding the work performed by FOIA specialists,

Plaintiff's work as a FOIA specialist, Plaintiff's absences from work, efforts undertaken to find

other FOIA specialist to perform Plaintiff's assigned tasks, the systems FOIA specialists used

between 2009 – 2012, and the efforts undertaken to upgrade and merge the FMS and ACORN

systems

3.    Vicky Lewis (2 hours)
       Department of Housing and Urban Development
       451 7th Street, SW
       Washington DC 20410

Ms. Lewis is expected to testify regarding the work performed by FOIA specialists,

8

Plaintiff's work as a FOIA specialist, Plaintiff's absences from work, efforts undertaken to find other FOIA specialists to perform Plaintiff's assigned tasks, Plaintiff's use of a scooter for mobilization, the systems FOIA specialists used between 2009 – 2012, and efforts to accommodate Plaintiff's request for a printer

4.      Dr. Joseph Allen (4 hours)
         Working Health Always, LLC
         P.O. Box 7642
         Wilmington, DE  19803

Dr. Allen is expected to testify regarding the information submitted by Plaintiff in support of her accommodations request, the information gathered through his discussions with Plaintiff's treating physicians, and the conclusions to be drawn from Plaintiff's medical documentation and treating physicians as to whether Plaintiff's medical condition resulted in a substantial limitation of a major life activity.

5.      Dr. Sameer Shamas (1 hour)

Dr. Shamas is expected to testify about Plaintiff's medical condition and the information he provided to Dr. Allen, including a medical report indicating that Plaintiff had full range of motion in all of her extremities.

6.      Jackie Cumber (1.5 hours)
         Department of Housing and Urban Development
         451 7th Street, SW
         Washington DC 20410

Ms. Cumber is expected to testify regarding the accommodations process, the Agency's efforts with respect to Plaintiff's request to telework, and distinctions between the process of seeking excused absences and an accommodation.

7.      Yolanda Patterson (1 hour)

Ms. Patterson is expected to testify regarding her processing of Plaintiff's December

2010 request to telework, her discussions with Federal Occupational Health regarding Plaintiff's

claim, and repeated, and unsuccessful, attempts to speak with Plaintiff regarding her

accommodations request and obtain additional information.

8.      Deborah Fowler (1.5 hours)
        Department of Housing and Urban Development
        451 7th Street, SW
        Washington DC 20410

Ms. Fowler is expected to testify about the efforts undertaken by the Agency to upgrade

the computer system used to manage FOIA requests including system capabilities, the cost to the

agency to upgrade, the time and steps necessary to obtain approval for such expenditure, and the

length of the migration and training efforts associated with the upgraded system.

**Plaintiff's Objection**: This witness was not disclosed in HUD's initial disclosures, and

HUD has not given Lenkiewicz the opportunity to depose her.

9.      Susan Shuback(1.5 hours)
        Deputy CIO for Customer Relationship & Performance Management
        Department of Housing and Urban Development
        451 7th Street, SW
        Washington DC 20410

An individual familiar with the Agency's fiscal years budgets for 2010 – 2011 is

expected to testify regarding the impact the multi-million dollar upgrade to the system used to

process FOIA requests had on the agency including the programs that were cut and/or reduced to

undertake the cost.

**Plaintiff's Objection**: This witness was not disclosed in HUD's initial disclosures, and

HUD has not given Lenkiewicz the opportunity to depose her.

*Defendant reserves the right to call any witness on Plaintiff's witness list in its case-in-chief.

## IV. Relief Sought

At trial, Lenkiewicz will present evidence and argument that she is entitled to compensatory damages for HUD's violations of the Rehabilitation Act. 42 U.S.C. § 1981a. Under that statute, because HUD has more than 500 employees, the jury can award compensatory damages for a violation of the Rehabilitation Act up to $300,000. The statute prohibits either side from mentioning this cap to the jury.

After the trial, Lenkiewicz will ask the Court to award further relief. 42 U.S.C. § 1981a(b)(2) provides that "[c]ompensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964." That section, in turn, provides that the Court may enter an appropriate injunction and award "any other equitable relief as the court deems appropriate." 42 U.S.C. s 2000e-5(g)(1). Here, based on the violations of the Rehabilitation Act that the Court has found and on any additional violations the jury may find, Lenkiewicz will ask the Court to enter a permanent injunction and award back pay, front pay, and reasonable attorney's fees and costs. These requests for relief are for the Court to decide.

## V. Other Matters

### A. Proposed Amendments

By Order dated November 20, 2015, HUD was granted leave to amend its answer to assert the affirmative defense of undue hardship (*see* ECF No. 107). The parties do not propose, and do not expect to propose, any further amendments to the pleadings.

### B. Motions to Be Decided

The parties respectfully request that the Court decide each party's motion *in limine* before trial (*see* ECF Nos. 101, 104). Defendant further requests that the Court decide the Agency's December 2, 2015 motion for reconsideration before trial. Lenkiewicz's position is that HUD's

motion fails at the threshold for failure to satisfy the standard for reconsideration under Federal Rule of Civil Procedure 54(b) and that, in any event, Lenkiewicz should be allowed to respond within the time provided for under the local rules and the Federal Rules of Civil Procedure.

      C.      <u>Proposed Fact Stipulations, Voir Dire, Instructions, Verdict Form, Exhibits, and Designations</u>

Attached as appendices to this pretrial statement are the parties' proposed stipulations of fact, voir dire questions, jury instructions, verdict form, exhibit list, and deposition designations.


Dated: December 7, 2015

Respectfully submitted,


CHANNING D. PHILLIPS D.C. Bar #415973
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar #924092
Civil Chief

By: */s/ Carl E. Ross*
CARL EZEKIEL ROSS, D.C. Bar #492441
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2533
Fax: (202) 252-2505
Carl.Ross@usdoj.gov

*Attorneys for Defendant*

By: */s/  J. Wells Harrell*
J. Wells Harrell (D.C. Bar No. 995368)
Evan E. North (D.C. Bar No. 995360)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
Tel: (202) 237-2727
Fax: (202) 237-6131
WHarrell@bsfllp.com
ENorth@bsfllp.com

*Attorneys for Plaintiff*