UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DENISE L. LENKIEWICZ,               )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )    Civil Action No. 1:13-0261 (RCL)
                                    )
JULIAN CASTRO, Secretary,           )
U.S. Department of Housing and,     )
Urban Development                   )
                                    )
    Defendant.                      )
_____)

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE FROM LENKIEWICZ'S ADMINISTRATIVE COMPLAINT AND EVIDENCE RELEVANT TO UNDUE HARDSHIP

    Defendant, Julian Castro, Secretary of U.S. Department of Housing and Urban Development ("Defendant" or "Agency") by and through counsel, moves this Court for an order denying Plaintiff's motion to exclude certain evidence that the Agency seeks to offer at trial [ECF 101]. In her motion, Plaintiff alleges that evidence from her administrative complaint should be excluded under Federal Rule of Evidence 403. While Defendant has not proffered any exhibits based on Plaintiff's administrative complaint, it reserves the right to use such evidence for impeachment and rebuttal. Furthermore, Plaintiff moves to exclude Dr. James Allen from being qualified as an expert at trial because he failed to produce an independent expert report. Dr. Allen, however, is being called as a fact witness and despite Plaintiff's assertions, a physician, who has not been retained to serve as an expert witness may serve as a fact witness and testify to matters within his personal knowledge without production of an expert report. Finally, Plaintiff has moved to exclude evidence relevant to undue hardship. However, the Court's recent Memorandum Opinion has rejected Plaintiff's attempt to exclude such evidence,

and Defendant's undue hardship defense is now part of this case. [ECF 114]. Plaintiff's motion should, accordingly, be denied.

### A. Evidence From Lenkiewicz's Administrative Complaint

Plaintiff seeks to exclude all evidence regarding Lenkiewicz's administrative Complaint claiming that this evidence's probative value is substantially outweighed by "unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403. Plaintiff cites *Moore v. Hartman* in which the Court excluded evidence of a prior judicial opinion to support this assertion. No. CV 92-2288, 2015 WL 1812852, at *74 (D.D.C. Apr. 17, 2015) *appeal dismissed,* No. 15-5169, 2015 WL 6153963 (D.C. Cir. Sept. 8, 2015). However, in *Moore* the Court rejected admission of an administrative opinion because it doubted that it had any probative value at all. *Id.* In contrast, Lenkiewicz's administrative record may go to Plaintiff's credibility and may serve an important purpose for impeachment or rebuttal. *See Williams v. Bell,* 587 F.2d 1240, 1248 (D.C. Cir. 1978) ("[U]nwarranted duplication of the administrative proceedings may be avoided simply by admission of the administrative records at trial. The court may in its discretion limit cumulative evidence but we hasten to add that evidence is not cumulative merely because it was once elicited from the agency. Indeed, repetition of testimony may be essential with respect to witnesses whose credibility may determine the dispute's outcome."); *see also Heyne v. Caruso,* 69 F. 3d 1475, 1481 (9th Cir. 1995) (finding that the trial court abused its discretion by failing to admit evidence from administrative record under Fed. Rule. Evid. 403 where there was a "direct link" between the evidence in the record and the issue before the jury).  Defendant has not proffered any documents from the administrative record as

exhibits for the pending trial but reserves the right to use any such evidence for impeachment or rebuttal.

### B. Testimony of Dr. James Allen

Plaintiff also moves to prevent Dr. James Allen as being qualified as an expert based on an alleged failure to produce an expert report pursuant to Rule 26(a)(2)(B). Plaintiff's motion is without merit. Federal Rule of Civil Procedure 26(a)(2)(A) simply states that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed.R.Civ.P. 2626(a)(2)(A). The additional requirement of an expert report under Rule 26(a)(2)(B) only applies "if the witness is one retained or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed.R.Civ.P. 2626(a)(2)(B). In the instant case, Dr. Allen was not employed to provide expert testimony before the Court in this litigation, but is a fact witness who played an active role in evaluating medical records not for the purpose of litigation, but as part of the agency's interactive process in determining if an accommodation was appropriate. Similar fact witnesses have been permitted to testify without the production of an expert report when they have served as treating physicians or simply had a pre-existing relationship with a party and the facts surrounding that relationship give rise to the litigation before the Court. *See Kirkham v. Société Air France,* 236 F.R.D. 9, 12 (D.D.C.2006) ("[W]hether the expert was 'retained or specially employed' in connection with the litigation must be considered, given the plain language of Rule 26(a)(2)(B)."); *Hancock v. Washington Hospital Center*, 13 F.Supp.3d 1, 12 – 13 (D.D.C. 2014) (holding, in the context of a treating physician, that if the expert has a pre-existing relationship with a party, that was not created for

purposes of litigation, and the facts related to that relationship help give rise to the litigation, the physician need not produce an expert report). In the instant case, Dr. Allen is being proffered to testify regarding the facts giving rise to the litigation, and not as an independent expert retained for litigation. Dr. Allen was identified pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), and to the extent Defendant can establish that his "knowledge, skill, experience, training, or education" meets the appropriate threshold and that his opinion is based upon "scientific, technical, or other specialized knowledge [that] will help the trier of fact [] understand the evidence to determine a fact in issue," Dr. Allen should be permitted to give expert testimony, including any opinion gained through his personal knowledge of the underlying facts of the case. *See* Fed.R.Evid. 702.

### C. Evidence of Undue Hardship

Finally, the Plaintiff also seeks to preclude the Defendant from presenting evidence of undue hardship in providing her the reasonable accommodation of telework. However, the Court has expressly determined that the Defendant will be allowed to present such evidence in its November 20, 2015 Memorandum Opinion [ECF 108]. Likewise, the Court found, "for Lenkiewicz's 2010 request to telework, questions remain as to who caused the breakdown of the interactive process and *whether or not teleworking imposed an undue burden on HUD*." Nov. 30, 2015, Mem. Op. at p. 16 [ECF 114] (emphasis added). Consequently, Plaintiff's motion to exclude Defendant's evidence of undue hardship should be denied.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny the Plaintiff's Motion *in Limine* with respect to her request to exclude evidence from her

administrative complaint, to exclude opinion testimony by Dr. James Allen, and to exclude the Defendant's evidence of undue hardship.

*     *     *

Dated: December 8, 2015
      Washington, DC

                                    Respectfully submitted,

                                    CHANNING D. PHILLIPS D.C. Bar #415973
                                    United States Attorney
                                    for the District of Columbia

                                    DANIEL F. VAN HORN, D.C. Bar #924092
                                    Chief, Civil Division

                                    By: */s/ Carl E. Ross*
                                    CARL EZEKIEL ROSS, D.C. Bar #492441
                                    Assistant United States Attorney
                                    Civil Division
                                    555 4th Street, N.W.
                                    Washington, D.C. 20530
                                    Tel:  (202) 252-2533
                                    Fax:  (202) 252-2505
                                    Attorneys for Defendant