## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DENISE L. LENKIEWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-0261 (RCL) |
| | ) | |
| JULIAN CASTRO, Secretary, | ) | |
| U.S. Department of Housing and | ) | |
| Urban Development | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff, Denise L. Lenkiewicz ("Plaintiff") and Defendant, Julian Castro, Secretary,

U.S. Department of Housing and Urban Development ("Agency" or "Defendant") (collectively

the "Parties"), by and through undersigned counsel, hereby agree and stipulate that the above-

captioned civil action shall be settled and dismissed on the following terms:

1.      Settlement Payment.  Defendant shall pay Plaintiff the total lump sum of Nine

Hundred Thousand ($900,000) U.S. dollars, without withholding, deduction, or setoff.  This

payment shall include: Three Hundred Thousand ($300,000) U.S. dollars in compensatory

damages on account of personal physical injury or physical sickness; Two Hundred Thousand

($200,000) U.S. dollars in attorneys' fees and costs; and Four Hundred Thousand ($400,000)

U.S. dollars in other relief for a total lump sum of Nine Hundred Thousand ($900,000) U.S.

dollars.  This payment shall be made by an electronic transfer of funds as specified in

instructions provided to defendant's counsel by plaintiff's counsel in writing.  Payment shall be

made as promptly as practicable, consistent with the normal processing procedures followed by

the Department of Justice and the Department of the Treasury, following the dismissal of the

above-captioned civil action pursuant to Paragraph 4 hereof. Plaintiff and her counsel shall co-operate with Defendant and its counsel to insure that all documentation required to process this payment is complete and accurate. Plaintiff shall be solely responsible for her compliance with all federal, state, and local tax filing requirements and other obligations arising from the aforementioned payment. Defendant shall not issue an Internal Revenue Service Form 1099-MISC (or any foreign, state, or local equivalent thereof) to or naming Plaintiff with respect to the amounts attributable to compensatory damages or attorneys' fees and costs under this paragraph.

      2.    Negative Personnel Information. Defendant agrees that within 14 days of the execution of this Stipulation, Defendant will request Plaintiff's personnel file from the Office of Personnel Management ("OPM"). Defendant agrees that within 60 days of receiving the file from OPM, Defendant will amend Plaintiff's personnel file in accordance with this paragraph. Defendant agrees to remove any SF-50 associated with Plaintiff's notice of leave restriction. Defendant agrees to convert the SF-50 documenting Plaintiff's November 30, 2011 termination to an SF-50 documenting her resignation effective November 30, 2011. Defendant also agrees to convert any Absence Without Leave (AWOL) with which Plaintiff was charged from September 1, 2009 through November 30, 2011 to Leave Without Pay (LWOP). Defendant also agrees to remove the Determination by Claims Examiner document from the D.C. Department of Employment Services; and redact any reference to an evaluation of Plaintiff's performance that is below "Fully Successful." Upon removal and conversion of the SF-50s, conversion of Plaintiff's AWOL, and redaction of information as identified above, Defendant shall provide Plaintiff with written confirmation of the aforementioned actions.

3.      <u>Re-Employment</u>.  Plaintiff agrees that she will not seek or accept employment as an employee, re-employed annuitant, or contractor by the Agency or any of its subcomponents, following the execution of this settlement agreement.

4.      <u>Dismissal with Prejudice</u>.  This Stipulation Settlement and Dismissal shall serve as a Stipulation of Dismissal with Prejudice and constitute a dismissal of the above-captioned civil action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) except that the Parties request that the Court enter this agreement as a Court Order so as to retain jurisdiction to enforce the terms thereof.

5.      <u>Release</u>.  This Stipulation provides for the full and complete satisfaction of all claims which have been or could have been asserted by Plaintiff in the above-captioned civil action, including without limitation all claims for compensatory damages, back pay, front pay, costs, attorney's fees, and interest or other compensation for delay, and Plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against Defendant, the Agency, or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein.  Plaintiff hereby fully and forever releases and discharges Defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which Plaintiff now has or may have arising out of or in connection with any event occurring on or before the date on which she has executed this Stipulation, including without limitation any rights or claims under the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the

3

Civil Service Reform Act of 1978, the Older Workers Benefit Protection Act of 1990, the Civil Rights Act of 1991, and the Family and Medical Leave Act of 1993, all as amended and currently in effect. In connection with this release, Plaintiff acknowledges that she is aware that she may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which she now knows with respect to the rights and claims released herein. Nevertheless, Plaintiff agrees, through this Stipulation, to settle and release all such rights and claims; provided, however, that nothing in this Stipulation shall affect: (i) any rights or claims that may arise after the date Plaintiff signs this Stipulation, or (ii) Plaintiff's right or entitlement to any retirement, health, or similar employee benefits that are available generally to present and former Agency employees based on their federal service.

6.     No Assignment. Plaintiff represents and warrants that she is the sole lawful owner of all the rights and claims which she has settled and released herein, and that she has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend Defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

7.     No Admission of Liability. This Stipulation has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that Defendant, the

4

Agency, or any of the Agency's present or former employees or agents violated any of Plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by Plaintiff in connection with this case or otherwise.  This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendant, the Agency, or the United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

8.      <u>Tax Consequences</u>.  Plaintiff acknowledges that she has not relied on any representations by Defendant or Defendant's employees or agents as to the tax consequences of this Stipulation or any payments made by or on behalf of Defendant hereunder.  Plaintiff shall be solely responsible for her compliance with all federal, state, and local tax filing requirements and other obligations arising from this Stipulation that are applicable to Plaintiff.

9.      <u>Entire Agreement</u>.  This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof.  No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

10.     <u>Amendments</u>.  The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

11.     <u>Construction</u>.  The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is

construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

12. <u>Headings</u>. The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

13. <u>Severability</u>. The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

14. <u>Further Assurances</u>. Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

15. <u>Right to Cure</u>. If either Plaintiff or Defendant at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach. The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.

16. <u>Notices</u>. Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be delivered by hand, or transmitted by fax or by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

> If to Plaintiff:      Denise Lenkiewicz
> c/o Wells Harrell
> Boies, Schiller & Flexner LLP
> 5301 Wisconsin Ave, N.W.
> Washington, DC  20015
> wharrell@bsfllp.com

If to Defendant:      Darin B. Tuggle
Department of Housing and Urban Development
Office of General Counsel – Personnel Law Division
451 7th Street SW
Washington, DC  20410

with copy to:      Chief, Civil Division
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

17.    Execution.  This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement.  A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

18.    Governing Law.  This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

19.    Disputes.  This Court may retain jurisdiction over any disputes regarding this matter, and if the Court retains jurisdiction for purposes of enforcing the terms thereof, then any dispute regarding the provisions of this agreement shall be brought before the United States District Court for the District of Columbia.

20.    Binding Effect.  Upon execution of this Stipulation by all parties hereto and subject to the provisions herein, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns.  Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

Denise L. Lehkiewicz
Plaintiff

Date: _1/22/2016_

J. WELLS HARRELL
BOIES, SCHILLER, & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015

Attorneys for Plaintiff

Date: _Jan. 22, 2016_

CHANNING D. PHILLIPS
D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN
D.C. Bar #924092
Civil Chief

By: 
CARL EZEKIEL ROSS
D.C. Bar # 492441
Assistant United States Attorney
United States Attorney's Office for the
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

Date: _1-22-16_

SO ORDERED on this ____ day of _____, 2015

_____
UNITED STATES DISTRICT JUDGE

8